**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4605**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD EARL RICE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:07-cr-00145-RJC-1)

Submitted: October 7, 2009          Decided: October 15, 2009

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ross Hall Richardson, Peter Adolf, Federal Public Defenders, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Earl Rice appeals his conviction for possession of child pornography, in violation of 18 U.S.C. § 2252 (2006). Before trial, Rice filed a motion to suppress evidence, seeking to exclude, among other things, the testimony of Rice's nephew, detailing repeated instances in which Rice had molested his nephew, shown him child pornography, and taken sexually explicit photographs of him. Though the district court excluded other evidence of Rice's prior bad acts, the judge allowed the nephew's testimony. Rice was convicted after a jury trial and sentenced to 240 months' imprisonment. Rice filed a timely appeal.

On appeal, Rice challenges the district court's admission of the nephew's testimony. Rice asserts that the probative value of the evidence was greatly outweighed by its prejudicial nature, and that the evidence of prior bad acts improperly shifted the jury's focus from the facts of the case "to a more general referendum on Mr. Rice's character." We affirm.

We review the evidentiary rulings of a district court for abuse of discretion. United States v. Kelly, 510 F.3d 433, 436 (4th Cir. 2007). Rule 414 of the Federal Rules of Evidence allows for the admission of evidence of other molestation offenses committed by the defendant. Fed. R. Evid. 414. Rule

2

414 provides "an exception to the general rule that evidence of past crimes may not be used 'to prove the character of a person in order to show action in conformity therewith.'" Kelly, 510 F.3d at 436-37 (quoting Fed. R. Evid. 404(b)). However, like all other evidence, that admitted under Rule 414 is subject to the balancing test of Fed. R. Evid. 403, requiring that the evidence "'be excluded if its probative value is substantially outweighed by the danger of unfair prejudice' to the defendant." Id. at 437 (quoting Rule 403). When applying Rule 403's balancing test, a district court should consider several factors, such as:

> (i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense.

Id. When reviewing the district court's balancing of these and other factors, we defer to the district court's determination "unless it is an arbitrary or irrational exercise of discretion." Id.

Here, the district court engaged in a thorough examination of the nephew's proposed testimony regarding Rice's past offenses. First, as the district court determined, though the molestation activity occurred between ten and eighteen years ago, this was a shorter time period than that present in our

recent decision in Kelly, where this court allowed the admission of a rape occurring twenty-two years prior to the offense in question. See 510 F.3d at 437.

Second, though there were some differences between the previous molestation activity and the current charges of child pornography, the district court noted that the prior offenses included showing the nephew child pornography, as well as taking pictures of the nephew's genitalia. These similarities, as well as the repeated assaults over a lengthy period of time, were indicative of the highly probative nature of the testimony on the issue of Rice's intent and proclivity toward molestation and child pornography. Finally, that the nephew testified in court and was subject to cross examination establishes the reliable nature of the evidence of past offenses.

When viewing these factors together, it is clear that while the nephew's testimony of Rice's past sexual abuse was certainly prejudicial to Rice's defense, it was not unfairly prejudicial. Instead, "it was prejudicial for the same reason it is probative-" it tends to prove that Rice has a deviant sexual attraction towards children. See Kelly, 510 F.3d at 438. Therefore, as the record clearly demonstrates that the admission of this evidence was not an arbitary or irrational exercise of discretion, we find the district court did not abuse its discretion in denying Rice's motion to suppress this evidence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>